731 So.2d 851 (1999)
A.F., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0885.
District Court of Appeal of Florida, Fourth District.
May 12, 1999.
Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Gentry Denise Benjamin, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
In this appeal, A.F. claims that the trial court erred in failing to make specific findings to support A.F.'s adjudication of delinquency and commitment. A.F. also asserts that the court further erred when it failed to state reasons for departing from the recommendations of the Department of Juvenile Justice ("Department") regarding commitment. We find that the findings made on the record were sufficient for A.F.'s adjudication and that the court did not depart from the Department's recommendation relating to the restrictiveness level of commitment.
In connection with a charge of burglary of a conveyance, grand theft and criminal mischief, A.F. pled no contest and was placed in a level four commitment program which included community control. About nine months later, A.F. was charged with battery after an altercation with his two-year-old nephew, whom he struck in the chest with considerable force. As a result, A.F.'s case manager recommended the revocation of his post-commitment community control. At the pre-disposition hearing, A.F. pled no contest to the charge of battery and pled guilty to violating community control in exchange for a recommended level six commitment. He contended, however, that the incident was an accident and that he was only disciplining the child. At the disposition hearing, the Department recommended that A.F. be committed to a level six moderate risk program but also recommended that commitment be suspended to allow him to continue on community control. The state disagreed with the Department's recommendation of a suspended commitment. After the court pronounced that it *852 would not suspend commitment, A.F. requested that the judge "go over [the] case again," arguing that the battery was an accident. The judge responded, "I'm sorry, I don't think it was an accident at all. So you are committed to a level six program...."
In addition to the statement that the court believed that the event was not an accident, the order of disposition contained findings that "based upon the nature of the offense committed by the child; the child's sophistication, maturity and past record and history; the needs of the child; protection of the community; and the further findings announced in open court, the child should be adjudicated delinquent and committed to the Department...." These findings are sufficient to comply with section 985.23(3)(a), Florida Statutes (1997), which requires record findings of the reasons for the decision to adjudicate and to commit the child to the Department.
A.F. also contends that in disregarding the Department's recommendation that commitment be suspended, the trial court failed to comply with section 985.23(3)(c) which requires reasons for departing from the Department's recommended levels of restrictiveness and placement. However, the trial court did not disregard the Department's recommendation with respect to the restrictiveness level and placement. Instead, the court disagreed with the Department's recommendation to suspend commitment. Because section 985.23(3)(c) requires only that the court give reasons for disregarding the assessment of the child and the restrictiveness level recommended by the Department, no violation of the statutory requirements occurred in this case.
Affirmed.
STONE, C.J., and GROSS, J., concur.